# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| Beverly Burrell, | ) | Civil Action No. 2:18-cv-02560-JMC |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Andrew M. Saul, *Commissioner of Social Security Administration*, | ) | |
| Defendant. | ) | |

This action arises from Plaintiff Beverly Burrell's application to the Social Security Administration seeking supplemental security income ("SSI") under the Social Security Act ("the Act"), 42 U.S.C. § 405(g) (2019). The matter before the court is a review of the Magistrate Judge's Report and Recommendation ("Report"), recommending that the court affirm the Commissioner's final decision because it is supported by substantial evidence and without legal error. (ECF No. 15 at 25.) For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 15) and **AFFIRMS** the Commissioner's final decision.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which the court incorporates herein without a full recitation. (ECF No. 14 at 1–5.) Plaintiff applied for SSI in April 2016, alleging a disability onset date of April 28, 2016. (*Id.* at 1–2 (citing ECF No. 9-2 at 25).) Plaintiff claims that she suffers from "depression, anxiety, panic attacks/paranoid behavior, fibromyalgia, arthritis, and carpal tunnel syndrome (hands and arm)." (*Id.* at 1 (citing ECF No. 9-3 at 19–20, 34).) The Social Security Administration denied Plaintiff's initial application and her subsequent request for reconsideration in September 2016. (*Id.* at 2 (citing ECF No. 9-3 at 32, 50).) Plaintiff

1

appeared before an Administrative Law Judge ("ALJ") in March 2018, seeking a review of her application. (*Id.* (citing ECF No. 9-2 at 55–83).) The ALJ issued an "Unfavorable Decision" that denied Plaintiff's application. (*Id.* (citing ECF No. 9-2 at 22–48).) The ALJ's findings of fact and conclusions of law are provided as follows:

> The claimant has not engaged in substantial gainful activity since April 28, 2016, the application date (20 C.F.R. § 416.971 *et seq.*) [].
>
> The claimant has the following severe combination of impairments: cervical spine degenerative disc disease, fibromyalgia, obesity, carpal tunnel syndrome, migraine headaches, borderline intellectual functioning, depression, bipolar disorder, anxiety, PTSD (20 C.F.R. § 416.920(c)).
>
> The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926).
>
> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work (lift, carry, push, or pull 20 pounds occasionally and 10 pounds frequently; stand or walk 6 hours in an 8-hour workday; and sit 6 hours in an 8-hour workday), as defined in 20 C.F.R. § 416.967(b), except with the following limitations: She can occasionally climb ladder/rope/scaffolds; frequently balance, stoop, kneel, crouch, crawl; frequently perform fingering and overhead reaching with bilateral upper extremities; and avoid concentrated exposure to hazards. She can perform unskilled work, defined as simple 1 and 2 step tasks, with SVP 1-2, which the claimant can perform on a sustained basis, 8 hours a day, 5 days a week, in 2-hour increments with normal breaks, for 8 hours per day. She can perform low stress work, defined as nonproduction work, specifically, no fast-paced work like an assembly line where one has to produce a product in a high-speed manner. In addition, to accommodate stress, she can have occasional contact with the general public.
>
> The claimant has no past relevant work (20 C.F.R. § 416.965) [].
>
> The claimant was born on October 10, 1971 and was 44 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 C.F.R. § 416.963).
>
> The claimant has a limited education and is able to communicate in English (20 C.F.R. § 416.964).
>
> Transferability of job skills is not an issue because the claimant does not have past relevant work (20 C.F.R. § 416.968).

> Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 416.969 and 416.969(a)).
>
> The claimant has not been under a disability, as defined in the Social Security Act, since April 28, 2016, the date the application was filed (20 C.F.R. §416.920(g)).

(*Id.* at 2–3 (citing ECF No. 9-2 at 29–48).) The Appeals Council denied Plaintiff's appeal thereby rendering the ALJ's assessment to be the final decision of the Commissioner. (*Id.* at 2 (citing ECF No. 9-2 at 2–5).)

Plaintiff filed a Complaint on September 18, 2018, in pursuit of judicial review. (ECF No. 1.) The Commissioner filed the administrative record on February 15, 2019. (ECF No. 9.) In a brief filed on March 18, 2019, Plaintiff asserts that: (1) the ALJ failed to properly evaluate the opinion evidence of her treating physician, Dr. Frank Forsthoefel, M.D., and a non-treating examiner, Dr. Todd Morton, Ph.D.; (2) the ALJ refused to consider new written evidence by a treating physician, Dr. Husam Mourtada, M.D., that she "submitted within five (5) business days of the video hearing held on March 9, 2018"; and (3) the Appeals Council also erred in refusing Dr. Mourtada's Physical Capacity Evaluation." (ECF No. 15 at 5–6 (citing ECF No. 11 at 16–25).) The Commissioner's brief generally opposes Plaintiff's claims, stating: (1) "substantial evidence supports the ALJ's assessment of the opinion evidence and residual functional capacity ("RFC")"; and (2) "Plaintiff did not inform the ALJ about written evidence in accordance with the governing regulations." (ECF No. 12 at 13, 19.) The Magistrate Judge issued a Report on January 15, 2020, recommending that this court affirm the Commissioner's final decision. (ECF No. 15 at 25.) Plaintiff timely filed Objections to the Report on January 29, 2020 (ECF No. 16), and the Commissioner filed a Reply opposing Plaintiff's objections on February 12, 2020 (ECF No. 17).

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. *See* 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See id.*

## III. DISCUSSION

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been

presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Jones v. Hamidullah*, No. 2:05–2736–PMD–RSC, 2005 WL 3298966, at *3 (D.S.C. Dec. 5, 2005).

Here, after a thorough review of Plaintiff's Brief (ECF No. 11), and the Report (ECF No. 15), and Plaintiff's Objection (ECF No. 16), the court concludes that Plaintiff's Objection simply restates arguments that are adequately addressed by the Magistrate Judge. The court observes that Plaintiff filed a ten-page document that is written in a "stream of consciousness" format, reciting portions of the Report in such a dubious way that it is challenging to discern any specific arguments. (*See* ECF No. 16 at 1–8.) For instance, the last two pages of the document appear to be counsel's incomplete or forgotten claims. (*See* ECF No. 16 at 9–10.) At best, it appears that Plaintiff rehashes the three arguments from her previous brief, which are (1) the ALJ's evaluation of opinion evidence; (2) consideration of new written evidence by the ALJ within five (5) days of the ALJ's hearing; (3) consideration of new evidence by the Appeals Council. (ECF No. 11 at 19, 24, 26.) As such, a *de novo* review is unnecessary because Plaintiff has "failed to guide the [c]ourt towards specific issues needing resolution[.]" *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief).

Therefore, the court finds that the Report provides well-reasoned and properly analyzed issues that are reiterated in Plaintiff's Objection. *See Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a magistrate's report in which the court concurred "with both the reasoning and the result").

## IV. CONCLUSION

For the reasons above, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 15) and **AFFIRMS** the Commissioner's final decision.

**IT IS SO ORDERED.**

/s/ J. Michelle Childs
United States District Judge

March 17, 2020
Columbia, South Carolina